BROWN and others vs. STORY.

Where one of several complainants dies pending the suit, and the cause of action survives, the surviving complainants, if they wish the suit to proceed in their names as survivors, must make a special application to the court for that purpose.

Where the surviving complainants are insolvent, the defendant, who had demands against the deceased and surviving complainants jointly, will be permitted to file a cross bill, in the nature of an original bill, against the surviving complainants and the personal representatives of the deceased complainant ; and the proceedings in the original suit will be stayed until the cross suit is in readiness for a hearing.

October 4th.   THE defendant, Story, commenced a suit at law against J. D. Brown, G. W. Brown and J. Brown, to recover a debt alleged to be due from them to him.   The Browns then filed a bill in this court against Story for an account in relation to the same, and other matters, and obtained an injunction to restrain the proceedings in the suit at law.   Story, in his answer, set forth his claims against the complainants ; and also a large claim against J. Brown, one of the complainants individually.   A replication was filed to the answer, and a reference made to a master to take an account of the transactions between the parties ; reserving all further directions.   Pending this reference, J. Brown died, possessed of a considerable property ; but the other complainants are alleged to be insolvent.   After the death of J. Brown, on a suggestion of his death and that the cause of action had survived, the surviving complainants obtained an order that the suit proceed in their names as survivors.   An application having been made to set aside that order for irregularity, the complainants appeared and opposed the application ; and it was ordered to stand over to a further day.   On that day the defendant's counsel having received no further instructions on the subject, the motion was denied.   A new application was thereupon made, upon new papers, to set aside the order, or to stay the proceedings until the suit should be revived in the name of the personal representatives of J.

Brown; or for such other relief as the court might consider proper.

*B. F. Butler*, for the complainants.

*J. E. Lovett*, for the defendant.

THE CHANCELLOR. From the course which the former application took, and under the peculiar circumstances of this case, I do not think the defendant is precluded from making the present application, on the new facts disclosed. But I see no cause to alter the opinion which I then expressed, that this is a case in which the cause of action survived to the complainants. The order entered in the register's office, without a special application to the court, was clearly irregular. But as the other would have been granted on a special application, under the circumstances now disclosed, it is unnecessary to set it aside.

The separate claim of the defendant against J. Brown was not a proper subject of litigation in this suit. It was not the claim for which the defendant brought his suit at law ; and it could not properly be joined in this suit with the matters which were in controversy between the defendant and all the complainants jointly. If Story has any just claim against the executors of J. Brown, for a separate debt due from their testator, he must either bring a suit against them at law, or file a bill in equity to substantiate and recover that demand. And if the surviving complainants in this suit were solvent and responsible, there could be no necessity for bringing the personal representatives of J. Brown before the court, previous to taking this account. But the defendant has lost his remedy at law against the estate of J. Brown, for any demand which existed against him jointly with the surviving complainants. And as they are alleged to be insolvent, so that he can obtain no benefit from the decree in this cause, if a balance should be found in his favor, it seems inequitable that he should be compelled to go on and take that account, in the absence of the personal representatives of the deceased complainant. If he would not be precluded by the decree in this cause from afterwards assert-

ing his claim against the estate of J. Brown, in equity, he must at least, file a new bill and go through the same course of litigation the second time, in order to obtain any balance which may be justly due him. He must therefore be permitted to file a cross bill, in the nature of an original bill, against these complainants and the personal representatives of John Brown, setting forth his joint claims, and alleging the insolvency of the survivors, by which he is compelled to resort to the estate of John Brown.

If the defendant files such cross bill within one month, and prosecutes it with due diligence, the proceedings on the reference must he staid until that cause is in readiness for a hearing, or until the further order of the court ; so that only one accounting between the parties may be necessary.